**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1689**

_____

WILLIAM B. BROWN,

        Plaintiff - Appellant,

    v.

AVRIL HAINES, Director of National Intelligence,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:23-cv-00221-MSN-IDD)

_____

Submitted:  December 19, 2024              Decided:  December 23, 2024

_____

Before KING and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

William B. Brown, Appellant Pro Se.  Matthew James Mezger, Assistant United States Attorney, Elizabeth A. Spavins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William B. Brown appeals the district court's orders denying Brown's Fed. R. Civ. P. 59(e) motion and granting Defendant's motion to dismiss or, in the alternative, for summary judgment, on Brown's claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634.    We have reviewed the record in conjunction with the assignments of error Brown raises on appeal, *see* 4th Cir. R. 34(b), and find no reversible error.

Brown correctly notes that the district court erred in stating that a plaintiff must show age was a "but-for" cause of the adverse employment action.  Dist. Ct. Mem. Op. at 9, No. 1:23-cv-00221-MSN-IDD, ECF No. 45 (E.D. Va. July 10, 2024).  That is not true for federal employees. *Babb v. Wilkie*, 589 U.S. 399, 403-06 (2020).  Even so, the district court's error did not affect its conclusion that Brown failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(b)(6). *See Moore v. Frazier*, 941 F.3d 717, 725 (4th Cir. 2019) (recognizing this court may affirm "on any ground apparent on the record").   *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (holding that, to survive a motion to dismiss, a plaintiff's allegations must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense," and that the plausibility standard is not "a probability requirement," but "asks for more than a sheer possibility that a defendant has acted unlawfully" (internal quotation marks omitted)); *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("At bottom, a plaintiff must nudge [his] claims across the line from conceivable to plausible to resist

2

dismissal." (cleaned up)).    Accordingly, we affirm the district court's orders, *Brown v. Haines*, No. 1:23-cv-00221-MSN-IDD (E.D. Va. Mar. 27, 2024; July 10, 2024).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*